UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-60799-COHN
MAGISTRATE JUDGE P.A. WHITE

RAFAEL LLOVERA,[1]          :

    Petitioner,             :

v.                          :          REPORT OF
                                    MAGISTRATE JUDGE
STATE OF FLORIDA,           :

    Respondent.             :

## I. Introduction

Rafael Llovera has filed a *pro se* petition for writ of habeas corpus attacking his order of deportation and three of the Florida convictions upon which the order was based, pursuant to United States Code Title 28, Sections 2241, 2254, and 1651.

This cause has been referred to the undersigned for consideration and report pursuant to United States Code Title 28, Section 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court has before it the petition for writ of habeas corpus (DE# 1), the Respondent's response to an order to show cause (DE# 10), the Petitioner's addendum (DE# 11), and the Petitioner's other cases filed in this Court that are relevant to the instant proceeding.

---

[1] The Florida Department of Corrections' website identifies him as Rafael Linares. See http://www.dc.state.fl.us/InmateReleases/detail.asp?Bookmark=23&From=list&SessionID=288742981. He has filed other actions in this Court as Rafael Llovera Linares and Rafael Alberto Llovera Linares; it is unclear whether he has used a partial name to avoid being identified as a vexatious litigant.

1

<u>II. Procedural History</u>[2]

The Petitioner is a citizen of Venezuela who came to the United States as a visitor in 1995 and never left. (12-20290 DE# 22-1 at 3). A number of criminal convictions in Broward County Circuit Court brought him to the attention of immigration authorities and ultimately resulted in an order of removal. (12-20290 DE# 22-1 at 8, 27, 43). They are Florida case numbers 99-103, 01-15766, 03-1597, and 05-13152. <u>See</u> (12-20290 DE# 22-1 at 22-23).

Florida case number 99-103 charged the Petitioner with misdemeanors including resisting or obstructing without violence, fleeing, speeding, and theft. (12-20290 DE# 22-1 at 9). The theft count was dropped on January 22, 1999. <u>Id.</u> On February 16, 1999, the Petitioner was fined for resisting, fleeing, and speeding but adjudication was withheld and no sentence was imposed. <u>Id.</u>

Florida case number 01-15766 charged the Petitioner with the felonies of trespass on a structure or conveyance, battery, the unlawful use of a false name or identity, and resisting or obstructing without violence. (12-20290 DE# 22-1 at 10). On May 7, 2002, he was adjudicated guilty of the trespass, battery, and resisting, and was sentenced to six months in County Jail. (12-20290 DE# 22-1 at 15).

Florida case number 03-1597 charged the Petitioner with the felonies of driving under the influence, driving with a revoked license, and possession of stolen property. (12-20290 DE# 22-1 at 14). On February 27, 2003, adjudication was withheld for DUI and driving with a revoked license and the court declined to adjudicate

---

[2] The information regarding the Petitioner's litigation history that is contained in this section includes information contained in detailed Orders in some of the Petitioner's prior actions. <u>See</u> (10-61927 DE# 17); (12-61430 DE# 12); (11-24627 DE# 55).

2

him for the possession of stolen property. Id. He was sentenced to twelve months and four days in County jail. Id.

Florida case number 05-13152 charged the Petitioner with the felonies of assault on a law enforcement officer, fleeing and eluding, habitual offender driving while intoxicated with a suspended license, and reckless driving. (DE# 22-1 at 17). The Petitioner pled no contest to aggravated fleeing, felony DUI, and reckless driving on May 21, 2007. See (11-24627 DE# 13-1 at 10). On June 21, 2007, he was sentenced to five years' imprisonment with credit for time served. (DE# 22-1 at 17). A jury acquitted him of assault on a law enforcement officer and the reckless driving count was dismissed. Id.

The Petitioner was released from the Florida Department of Corrections on August 2, 2010, and has been in ICE custody ever since. See (DE# 1 at 1, 17).

An Immigration Judge found the Petitioner to be removable to Venezuela on May 9, 2011, because he remained in the country without authorization and was convicted of an aggravated felony. (13-22002 DE# 19-4 at 2). The Immigration Judge also denied his requests for asylum, and withholding or deferral of removal under the Convention Against Torture ("CAT"). (13-22002 DE# 19-4 at 2, 4-16). The Board of Immigration Appeals ("BIA") dismissed his appeal on September 15, 2011, and has refused to reconsider its decision. (13-22002 DE# 19-5 at 2, 6). The Eleventh Circuit dismissed the Petitioner's petition to review the BIA's decision for lack of jurisdiction. (13-22002 DE# 19-5 at 6); Llovera-Linares v. Att'y Gen., No. 11-15108 (11th Cir. Jan. 25, 2013).

According to the affidavit of Deportation Officer Ricardo

Ramos, the Petitioner has obstructed ICE's removal attempts on numerous occasions. He was scheduled for removal on November 7, 2011, but he refused to board the flight to Venezuela. (13-22002 DE# 19-9 at 2). The Petitioner was again scheduled for removal on January 19, 2012, but had to be removed from the flight manifest due to failure to cooperate. He again refused to board a flight on February 21, 2012. After repeatedly failing to cooperate with the preparation of travel documents, he was again scheduled to depart on May 28, 2013, and August 8, 2013. He obstructed removal on both occasions. His repeated refusals to complete travel documents and board flights to Venezuela have resulted in the service of numerous I-229(a) forms and at least eleven notices for failure to comply. ICE maintains that its attempts to remove him would have been completed as early as November 7, 2011, but for his refusal to cooperate, and that it continues in its efforts to remove him from the United States. See (13-22002 DE# 19-9); (13-22002 DE# 19-10 at 2, 4).

The Petitioner has filed numerous actions in this Court in which he has attempted to defeat removal, either by directly addressing the immigration proceedings or by attacking the Florida convictions upon which the removal decision was based. They are briefly set forth here to provide context for the instant matter:[3]

---

[3] The Petitioner's litigation history also includes numerous petitions and appeals in the appellate courts which have been omitted from this discussion for the sake of brevity. A discussion of some of the Petitioner's appellate proceedings may be located in the Order in case number 12-61430, DE# 12. This section excludes multiple actions raising tort claims in the federal courts, or seeking federal assistance for tort claims he has pursued in the Florida courts. See 06-cv-21906-SEITZ; 06-cv-61082-DIMITROULEAS; 06-cv-61127-DIMITROULEAS; 06-61145-UNGARO; 06-cv-61368-COHN; 08-cv-60982-DIMITROULEAS; 09-cv-60123-DIMITROULEAS; 10-cv-61927-DIMITROULEAS (dismissed as frivolous and warning the Petitioner that his actions are bordering on an abuse of process); 11-cv-24502-MOORE; 13-cv-61222-MARRA. It also excludes the Petitioner's filings in other Districts. See, e.g., Linares v. Dep't of Homeland Sec., 2013 WL 50936 (N.D. Fla. March 12, 2013) (dismissing challenge to order of removal for lack of jurisdiction), vacated and remanded by Linares v. Dep't of Homeland Sec., 529 Fed. Appx. 983 (11th Cir. 2013) (vacating and remanding for

In case **11-cv-81272-MIDDLEBROOKS**, the Petitioner filed a *coram nobis* petition seeking a U-visa. The Court dismissed the petition on August 7, 2012, because the Petitioner has no constitutional or statutory right to a U-visa and, accordingly, the Court lacked jurisdiction.

In case **12-cv-20290-HUCK**, the Petitioner sought habeas relief to prevent his removal from the United States by ICE pursuant to a final order of removal. On July 9, 2012, the Court denied the challenge to his ICE detention and dismissed the claim challenging the final order of removal.

In case **12-cv-61430-DIMITROULEAS**, the Petitioner sought Section 2254 relief attacking his conviction in Florida case 05-13152. The Court dismissed relief because the Petitioner did not show his claim could not have be brought within one year of his conviction becoming final; *coram nobis* is not available to challenge a State conviction; the claim was meritless because he was told of the deportation consequence during his plea colloquy; his claim would be time-barred under Section 2254; and his claim was not cognizable. The Court also noted that the petition was filed just two weeks after the Eleventh Circuit Court of Appeals had denied the same relief in a *corum nobis* action. The Court accordingly ordered the Petitioner to show cause why he should not be precluded from future filings as an abusive filer with regards to the August 7, 2005 incident. In an order filed on August 23, 2012, the Court found that "the complaints about his criminal conviction in state court has yet to reach the level of abuse of

---

the district court to determine whether Linares is entitled to relief under Section 2241 for continued detention); Linares v. Dep't of Homeland Sec., 2014 WL 644382 (N.D. Ala. Feb. 19, 2014) (dismissing Section 2241 petition attacking the duration of ICE detention and order of removal without prejudice, and denying motions for preliminary injunction).

process.... In the future the court may determine that a pre-filing injunction is warranted. Future filing of vexatious duplicative motions, or a showing of a lack of good faith in pursuing the complaints about the August 7, 2005 incidents may cause the court to conclude that the burden on the courts created by his duplicative, repeated filings merit sanctions." (12-61430 DE# 16).

In case **11-cv-24627-SEITZ,** the Petitioner sought *coram nobis* relief from his Florida convictions in cases 99-103, 01-15766, and 05-13152. The case was dismissed for lack of jurisdiction on August 6, 2013, in an order stating: "The Court cautions Petitioner that should he again raise claims identical to the ones that he has raised both here and in the later-filed case before Judge Dimitrouleas, Petitioner may well be crossing the threshhold into abuse of process and a pre-filing injunction would be warranted." (11-24627 DE# 55 at 1 n.1). The Eleventh Circuit denied the Petitioner's motions for default judgment on February 28, 2014, appeal number 13-14595. Numerous motions are pending in the District Court.

In case **13-cv-60615-MIDDLEBROOKS**, Llovera sought habeas relief attacking his conviction in Florida case number 05-13152. He moved to strike the petition and filed an amended petition purporting to attack his Florida conviction in Florida case number 01-15766. The Undersigned filed a Report on September 17, 2013, recommending that Llovera's motion to strike be construed as a motion for voluntary dismissal and a motion for leave to file an amended petition, that the motion for voluntary dismissal be granted and that the motion for leave to amend be denied. The Report cautions Llovera that any future petition would be subject to all applicable timeliness and procedural requirements and, further, may subject him to sanctions should it be considered an abuse of process. Llovera has filed

6

objections and the case is still pending.

In case number **13-cv-22002-SCOLA**, the Petitioner sought habeas and injunctive relief under Section 2241, arguing that his continued detention is unlawful and that he is entitled to, among other things, immediate release or stay of removal. The Court dismissed the habeas petition without prejudice and denied Petitioner's requests for injunctive relief. The case is pending before the Eleventh Circuit, appeal number 14-10875.

Llovera has at least two other cases presently pending in the Southern District of Florida. They are: **13-cv-60625-SCOLA**, seeking habeas corpus and *coram nobis* relief, which is presently pending on interlocutory appeal to the Eleventh Circuit, appeal number 13-14661; and **14-cv-60054-ZLOCH**, which is a Section 1983 civil rights complaint seeking a preliminary injunction for U-visa certification.

### III. Discussion
(1) <u>Section 2241</u>

United States Code Title 28, Section 2241 makes relief available to anyone held "in custody in violation of the Constitution, laws or treaties of the United States." An action under Section 2241 is the proper vehicle to challenge the execution of a sentence, rather than the validity of the underlying conviction. <u>United States v. Addonizio</u>, 442 U.S. 178, 185-88 (1979) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."). A Section 2241 petition must generally be filed in the district court where the petitioner is incarcerated, and the proper respondent is the person "who has custody" over the applicant. <u>See</u> <u>Rumsfeld v. Padilla</u>, 542

U.S. 426, 442 (2004); 28 U.S.C. § 2242.

First, the Petitioner has brought a Section 2241 action in the wrong venue. He filed the instant petition from the Wakulla County Jail in Crawfordville, Florida, where he was being held in ICE custody. See (DE# 1 at 1, 17). Wakulla County is in the Northern District of Florida, Tallahassee Division. His immediate custodian was Assistant Field Office Director Conrad C. Agagan. The Petitioner is currently confined in the La Salle Detention Facility in Jena, Louisiana, which is also outside the Southern District of Florida.

Second, the Petitioner has also sought Section 2241 relief against the wrong party. Rather than naming his custodian, the Petitioner named the State of Florida as the Respondent even though he was in ICE custody at the time he filed the instant petition. The State of Florida should be dismissed as an improper party because it was not the Petitioner's immediate custodian at the time he filed the instant petition. Because the Petitioner was not and is not confined in the Southern District of Florida and no proper respondent has been named, this petition would be subject to dismissal for lack of jurisdiction if it were construed as a petition for Section 2241 relief. In such a case, it would normally be recommended that the Clerk be directed to transfer this case to the Petitioner's district of confinement. However, transfer is not appropriate here because the Petitioner is clearly not entitled to habeas corpus relief.

To the extent that the Petitioner is challenging his final order of removal, this Court has no jurisdiction. Alien detainees can properly challenge "the extent of the Attorney General's authority" to detain a removable alien under the general detention

statutes pursuant to Section 2241. <u>Zadvydas v. Davis</u>, 533 U.S. 678, 687-88 (2001). However, jurisdiction over final removal orders is vested with the court of appeals. 8 U.S.C. § 1252(a)(5). A petition for review filed with the appropriate court is now an alien's exclusive means of review of a removal order. <u>Alexandre v. U.S. Attn'y Gen.</u>, 452 F.3d 1204, 1206 (11th Cir. 2006); <u>see</u> <u>Madu v. U.S. Attn'y Gen.</u>, 470 F.3d 1362, 1366 (11th Cir. 2006).

To the extent that the Petitioner is challenging the lawfulness of his continued confinement, such a claim is meritless for the reasons set forth in the Undersigned's Report in case number 13-Cv-22002.[4]

(2)  <u>Section 2254</u>

It appears that the Petitioner is challenging the lawfulness of Florida convictions in case numbers 99-103, 03-1597 and 05-13152. (DE# 1 at 1, 3, 4, 8). He claims that he entered involuntary pleas because counsel failed to inform him that they carried the risk of deportation pursuant to <u>Padilla v. Kentucky</u>, 559 U.S. 356 (2010). He also argues in his addendum that his arrests were illegal because he was not warned of his <u>Miranda</u> rights, and that counsel was ineffective for failing to move to dismiss based on this violation. (DE# 11).

Petitions for writ of habeas corpus brought pursuant to Section 2254 may be filed "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and

---

[4] Although case number 13-Cv-22002 was dismissed without prejudice, the Report's reasoning applies to the instant case because the Petitioner has failed to allege that he has ceased resisting deportation and, accordingly, he cannot state a claim under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). <u>See</u> (13-Cv-22002 DE# 30).

sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Section 2254 relief is available for "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is satisfied if a petitioner is incarcerated as a result of the conviction or sentence under attack at the time the petition is filed. Carafas v. LaVallee, 391 U.S. 234 (1968). On the other hand, if the sentence imposed for a conviction has fully expired, the conviction is no longer subject to habeas corpus attack, even if the possibility exists that it may be used to enhance the sentences imposed for any subsequent crime of which the petitioner may be convicted. See Maleng v. Cook, 490 U.S. 488 (1989) (holding that a petitioner is not in custody and cannot challenge a conviction when the sentence imposed for that conviction has expired); Lackawanna County Dist. Attn'y v. Coss, 532 U.S. 394 (2001) (holding that if a prior conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue remedies while they were available or did so unsuccessfully, then the defendant may not collaterally attack his prior conviction through a Section 2254 proceeding even if he is currently serving a sentence that was enhanced by the earlier conviction).

Venue is proper in the Southern District of Florida under Section 2254 because the Florida convictions that the Petitioner is attacking originated in Broward County, Florida. However, the Petitioner fails to satisfy Section 2254's "in custody" requirement. The Petitioner concedes that he has been in ICE custody since July 31, 2010. (DE# 1 at 1). Records maintained by the Florida Department of Corrections confirm that the Petitioner

was released from the Department of Corrections on August 2, 2010, to the Wakulla County Jail under an ICE detainer.[5] The Petitioner was only fined in the 1999 misdemeanor case and did not receive a sentence of imprisonment. In the 2003 case, adjudication was withheld and he was sentenced to twelve months and four days in County Jail. In the 2005 case, he was sentenced to five years' imprisonment, which he completed and from which he was released from the Florida Department of Corrections' custody by August 2, 2010. He has completely served his Florida sentences and, therefore, he is no longer "in custody" for those cases. The Petitioner's ICE confinement does not satisfy the "in custody" requirement for Section 2254 relief. See Maleng, 490 U.S. at 492. Consequently, Section 2254 does not provide the Petitioner with any avenue for relief and this petition is subject to dismissal to the extent is seeks relief pursuant to Section 2254.

The Petitioner has vigorously attacked his convictions and sentences in State court proceedings or, if he has failed to do so, the time has long since expired.[7] The only exception to the rule prohibiting the instant attack is if a prior conviction was obtained in violation of the right to counsel as set forth in Gideon v. Wainwright, 372 U.S. 335 (1965). The Petitioner does not contend, and has not submitted any records demonstrating, that such

---

[5] See http://www.dc.state.fl.us/InmateReleases/detail.asp?Bookmark=2&From=list&SessionID=47302584. Fed. R. Ev. 201.

[7] See http://199.242.69.70/pls/ds/ds_cases_person?psReportStyle=Display&psCourt=4&psSearchType=&psHow=contains&psRole=party&pnPersonId=183562&psButton=Submit. Fed. R. Ev. 201. The Fourth District Court of Appeals' electronic docket sheet indicates that the Petitioner attacked case number 05-13152 on direct appeal and in several petitions for writ of mandamus, case numbers 4D07-2553, 4D08-3749, 4D09-4110, 4D10-902, and 4D10-1274.

is the situation here.[7]

Because the Petitioner does not satisfy the "in custody" requirement, this Court is without jurisdiction to entertain a Section 2254 claim for relief from his Florida convictions. See Lackawanna, *supra*.

Even if Section 2254 relief was available, the Petitioner's claims would fail.

The Petitioner seeks relief based on Padilla, in which the Supreme Court held that counsel must inform his client whether his plea carries a risk of deportation. Padilla, 130 S.Ct. at 1486. However, the Petitioner's pleas in all his Florida cases predate Padilla, and the decision does not apply retroactively. Chaidez v. United States, 133 S.Ct 1103, 1105 (2013).

The Petitioner's contention that his arrest and prosecution in one of the Florida cases violated Miranda, and that counsel was ineffective for failing to seek dismissal, also fails. The Petitioner has failed to explain why he failed to present his Miranda issue earlier. Further, his allegations are insufficient on their face to demonstrate that an error occurred. Miranda holds that, "if a person in custody is to be subjected to interrogation, he must first be informed in clear and unequivocal terms that he has the right to remain silent." 384 U.S. at 467-68. Further, "the prosecution may not use statements, whether exculpatory inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective

---

[7] Indeed, the Petitioner tacitly acknowledges that he was represented by counsel, stating that two different attorneys failed to advise him of the immigration consequences of his pleas. See (DE# 1 at 3).

12

to secure the privilege against self-incrimination." 384 U.S. at 444. Miranda does not hold, however, "that a simple failure to administer the warnings, unaccompanied by any actual coercion or other circumstances calculated to undermine the suspect's ability to exercise his free will, so taints the investigatory process that a subsequent voluntary and informed waiver is ineffective for some indeterminate period." Oregon v. Elstad, 470 U.S. 298, 309 (1985).

The Petitioner does not allege that he was subjected to any custodial interrogation. The alleged failure of officers to apprise him of his rights, by itself, does not raise any constitutional or statutory deprivation that would warrant dismissal. Nor can counsel be deemed ineffective for failing to seek dismissal under these circumstances.

Therefore, no Section 2254 relief is warranted.

(3)  Section 1651

The Petitioner also purports to seek review by way of *coram nobis* pursuant to Section 1651(a).

A petition for writ of error *coram nobis* is available to vacate a conviction when the petitioner has served his sentence and is no longer "in custody" for purposes of federal habeas relief. See United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002). *Coram nobis* is available to correct errors "of the most fundamental character" that have occurred in a criminal proceeding. United States v. Morgan, 346 U.S. 502, 512 (1954). This extraordinary relief, however, is available only "under circumstances compelling such action to achieve justice," that is, to correct errors resulting in a complete miscarriage of justice. Id. at 511; see Mills, 221 F.3d at 1203.

13

The following five requirements must be met to obtain *coram nobis* relief: (1) the conviction or sentence involved an error of the most fundamental character; (2) it is probable that a different result would have occurred but for the error; (3) adverse consequences continue to flow from the conviction such that a case or controversy exists; (4) a more usual remedy is not presently available; and (5) sound reasons exist for not challenging the error earlier, such as by direct appeal or collateral attack. Mills, 221 F.3d at 1204. A reviewing court must presume that the underlying proceedings were correct and the burden of showing otherwise is on the petitioner. Morgan, 346 U.S. at 512.

A writ of error *coram nobis* may be justified in light of a retroactive dispositive change in the law. See United States v. Mandel, 862 F.2d 1067 (4th Cir. 1988). Therefore, under certain circumstances, the writ may lie where the convicted person has already completed his sentence and is no longer in custody. See Morgan, 346 U.S. at 510. However, if a claim relies on a case that was decided after the petitioner's conviction and sentence became final and the case is no retroactive, then the petitioner "has not suffered such compelling injustice that would deserve relief pursuant to a writ of error coram nobis." United States v. Swindall, 107 F.3d 831 (11th Cir. 1997).

The Court lacks jurisdiction because *coram nobis* in federal court is not a vehicle for challenging state court convictions. Theriault v. Mississippi, 390 F.2d 657, 657 (5th Cir. 1968);[8] see Young v. Warden, FCC Coleman, 508 Fed. Appx. 918 (11th Cir. 2013); Wolfson v. Florida, 184 Fed. Appx. 866 (11th Cir. 2006).

---

[8] Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit that were handed down before October 1, 1981).

This claim would also fail on the merits. It appears that the Petitioner may be able to satisfy two or three of the five *coram nobis* requirements, given that: (1) adverse consequences continue to flow from his Florida convictions in that he is unable to adjust his immigration status and is, thereby, excludable or removable, and (2) a more usual remedy is not now available because the Petitioner has already completed serving his sentence. The Petitioner may also be able to establish that (3) sound reasons exist for failing to challenge the alleged Padilla error sooner. Therefore, it must be determined whether the Petitioner's convictions involved an error of fundamental character and whether it is probable that a different result would have occurred if not for the error.[9]

As previously stated, Padilla does not apply retroactively. Chaidez, 133 S.Ct at 1105. Therefore, even if *coram nobis* relief was available, it would not be warranted.

### IV. Sanctions

"[P]risoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). However, this right is not without limit and injunctive restrictions on filings by abusive litigants are "necessary and prudent" to curb conduct that would impair the rights of other litigants and the courts' ability to carry out their Article III functions. Procup v. Strickland, 792 F.2d 1069, 1071 (11th Cir. 1986); see Shivers v.

---

[9] The Undersigned will assume for purposes of this discussion that a claim of ineffective assistance of counsel can be brought in a petition for writ of error *coram nobis*. See Chaidez v. United States, 133 S.Ct. 1103, 1106 n. 1 (2013) (assuming "without deciding" that "nothing in this case turns on the difference between a *coram nobis* petition and a habeas petition"); Moody v. United States, 874 F.2d 1575, 1578 n.3, 6 (11th Cir. 1989) (declining to resolve the issue); see also United States v. Bejacmar, 217 Fed. Appx. 919 (11th Cir. 2007) (assuming, without deciding, that a claim of ineffective assistance of counsel can supply the basis for a writ of error *coram nobis*).

United States, 427 Fed. Appx. 697, 699 (11th Cir. 2011). In devising methods to curtail the activity of a particularly abusive prisoners, therefore, "courts must carefully observe the fine line between legitimate restraints and an impermissible restriction on a prisoner's constitutional right of access to the courts." Procup, 792 F.2d at 1072. "[A]ny injunction on prohibiting IFP filings must be carefully tailored so as to minimize the exclusion of legitimate claims." Shivers, 427 Fed. Appx. at 799 (citing Miller v. Donald, 541 F.3d 1091, 1096-97 (11th Cir. 2008)).

The Eleventh Circuit has recognized that various courts have employed and approved a variety of injunctive devices on vexatious litigants which include: enjoining prisoner litigants from relitigating specific claims or claims arising from the same set of factual circumstances; requiring litigants to accompany all future pleadings with affidavits certifying that the claims being raised are novel, subject to contempt for false swearing; directing litigants to attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action, and to send an extra copy of each pleading filed to the law clerk of the chief judge of the district; directing the litigant to seek leave of court before filing pleadings in any new or pending lawsuits; permitting abusive prisoner litigants to file *in forma pauperis* only claims alleging actual or threatened physical harm; and requiring payment of a filing fee to bring other claims; limiting the number of filings by a particular inmate; entering injunctions prohibiting the abusive prisoner from acting as a writ writer or jailhouse lawyer for other inmates. Procup, 792 F.2d at 1072. It did not, however, approve any of the foregoing and suggested that the following restrictions may also be considered: limitation on the number of pages of a complaint or other pleading; requiring a plaintiff to file an affidavit setting forth what

attempts he has made to obtain an attorney to represent him; and limitation on further pleadings without order of court after the complaint has been filed. Procup, 792 F.2d at 1073.

The Petitioner has attacked the order of removal and his underlying Florida convictions on numerous occasions. The instant petition duplicates, nearly *verbatim*, the *coram nobis* petition he filed in this Court, case number 11-Cv-24627-SEITZ. The Court denied relief for lack of jurisdiction in that case and noted the Court had cautioned the Petitioner in a case raising similar claims, case number 12-cv-61430-DIMITROULEAS, that continued duplicative and vexatious filings may warrant the imposition of sanctions. (11-24627 DE# 55).

Because the Petitioner has already presented the present claims and has been denied relief, he should be required to show cause why he should not be prohibited from attacking his order of removal and the underlying Florida convictions with *in forma pauperis* status in the future.

## V. Evidentiary Hearing

To the extent petitioner requests an evidentiary hearing, this should be denied. To be entitled to an evidentiary hearing on habeas claims, a petitioner must allege facts that, if proved at the hearing, would entitle him to relief. See Schriro v. Landrigan, 550 U.S. 465, 474-75 (2007)(a district court is not required to hold an evidentiary hearing if record refutes the factual allegations in the petition or otherwise precludes habeas relief); Atwater v. Crosby, 451 F.3d 799, 812 (11th Cir. 2006) (an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim."). For the reasons discussed herein, an evidentiary hearing is not required for the disposition

17

of this case and the petitioner has failed to demonstrate the existence of any factual dispute that warrants a federal evidentiary hearing.

## VI. Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254, Rule 11(a). A timely notice of appeal must be filed even if the court issues a certificate of appealability. 28 U.S.C. § 2254, Rule 11(b).

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right as to movant's claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (habeas petitioner must demonstrate reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further). Therefore, it is recommended that the Court deny a certificate of appealability in its final order. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in objections to this report.

## VII. Conclusion

Based upon the foregoing, it is recommended that: the claim for Section 2241 relief be dismissed or, in the alternative, denied

on the merits; the claim for Section 2254 relief be dismissed for lack of jurisdiction; the claim for Section 1651 relief be dismissed for lack of jurisdiction; that a certificate of appealability should not issue; and the Petitioner be ordered to show cause why sanctions should not be imposed.

Objections to this report, including any objection with regards to the recommendation regarding the certificate of appealability, may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 11th day of March, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Rafael Llovera, *pro se*
      097-960-199
      LaSalle Detention Facility
      PO Box 560
      Trout, LA 71371

      Joseph A. Tringali
      Attorney General's Office
      1515 N Flagler Drive
      9th Floor
      West Palm Beach, FL 33401-3432