UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60799-CIV-COHN/WHITE

RAFAEL LLOVERA,

        Petitioner,

v.

STATE OF FLORIDA,

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION

**THIS CAUSE** is before the Court on the Report and Recommendation [DE 15] ("Report") of Magistrate Judge Patrick A. White to Petitioner Rafael Llovera's Emergency Petition for Writ of Habeas Corpus [DE 1] ("Petition") under 28 U.S.C. §§ 2241, 2254 and 1651. Despite the lack of any timely objections to the Report, the Court has reviewed the Petition *de novo*, the Report, the record in the case, and is otherwise advised in the premises.

In his Petition, Petitioner attacks his three Florida convictions and resulting order of deportation under 28 U.S.C. §§ 2241, 2254 and 1651.  After thoroughly considering Petitioner's claims, Judge White recommended that the claims be denied.  Judge White recommended that Petitioner's § 2241 claim be denied because Petitioner is not entitled to habeas corpus relief under  § 2241.  As Judge White explains, to the extent Petitioner is challenging his final order of removal, the Court lacks jurisdiction because jurisdiction over final removal orders is vested in the circuit courts.  See 8 U.S.C. §

1252(a)(5).  Moreover, to the extent that Petitioner is challenging the lawfulness of his continued confinement, such a claim is meritless because Petitioner has not ceased resisting deportation; thus, he cannot state a claim under Zadvydas v. Davis, 533 U.S. 678 (2001).

As to Petitioner's § 2254 claim challenging the lawfulness of his Florida convictions, Judge White recommended that the claim be dismissed for lack of jurisdiction because Petitioner does not satisfy the "in custody" requirement under § 2254(a).  See Carafas v. LaVallee, 391 U.S. 234 (1968).  Petitioner has already completed his sentences related to his Florida convictions and is no longer "in custody" due to those convictions.  Petitioner's ICE confinement, moreover, does not satisfy the "in custody" requirement under § 2254(a).  See Maleng v. Cook, 490 U.S. 488 (1989).

As to Petitioner's § 1651 claim, Judge White recommended that the claim also be dismissed for lack of jurisdiction because *coram nobis* in federal court is not a vehicle for challenging state court convictions.  See Young v. Warden, FCC Coleman, 508 Fed. App'x 918, 920 (11th Cir. 2013).

After a careful review, this Court agrees with Magistrate Judge White's reasoning, conclusions, and recommendations.  The Court will therefore deny the Petition without an evidentiary hearing.  The Court will also deny a certificate of appealability because Petitioner has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 15] is hereby **ADOPTED**;

2. Petitioner's Emergency Petition for Writ of Habeas Corpus [DE 1] is **DENIED**;

3. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, Petitioner is hereby **DENIED** a certificate of appealability because Petitioner has failed to make a substantial showing that he was denied a constitutional right.  The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may request issuance of a certificate of appealability from the Eleventh Circuit; and

4. The Clerk may **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of April, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF.